IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Terry D. Davis, Jr., #197349, | ) | C/A No.: 1:16-3242-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| The State; Alan Wilson; John W. McIntosh;[1] Mary S. Williams; Lauren Maurice; J. William Weeks; and Aimee J. Zmroczek, in their official and individual capacities, | ) ) ) ) ) ) | REPORT AND RECOMMENDATION |
| | ) | |
| Defendants. | ) | |
| | ) | |

Terry D. Davis, Jr. ("Plaintiff"), proceeding pro se and in forma pauperis, is an inmate incarcerated at Livesay Correctional Institution of the South Carolina Department of Corrections. He filed this action pursuant to 42 U.S.C. § 1983 against the State of South Carolina, South Carolina Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Attorney General Mary S. Williams, prosecutor Lauren Maurice, prosecutor J. Williams Week, and defense attorney Aimee J. Zmroczek ("Zmroczek") (collectively "Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

---

[1] Plaintiff incorrectly identified this defendant's last name as McIntost.

I.      Factual and Procedural Background

Plaintiff alleges he appeared before Judge Dickerson for a post-conviction relief ("PCR") hearing on January 25, 2012. [ECF No. 1 at 5]. Plaintiff claims Zmroczek deceived Plaintiff and defrauded the Court of Appeals when she introduced "a fabricate[d] transcript of record by court reporter Cheryl L. Young into the post-conviction hearing." *Id.* Plaintiff says he wrote Young and asked when she transcribed the trial proceedings "on behalf of Lisa H. Davenport." *Id.* Plaintiff states that Young told him she had not transcribed the hearing and that her records reflected a transcript had not been made. *Id.* Plaintiff claims he inquired about the transcript again, and Young again responded that she did not transcribe his proceeding. *Id.* at 6. Plaintiff says he contacted Young a third time, and she responded on October 22, 2012, that "she was unassigned at the time and would have no knowledge about any proceeding heard at that time." *Id.* Plaintiff seeks declaratory and injunctive relief. *Id.* at 8.[2]

II.     Discussion

   A.   Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28

---

[2] The undersigned notes that Plaintiff has previously litigated this issue in Davis v. Mauney, C/A/ No. 1:15-307-JFA.

U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

        1.    Sovereign Immunity (State of South Carolina)

The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). Such immunity extends to

arms of the state, *see Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984), and also bars this court from granting injunctive relief against the state or its agencies. *See Alabama v. Pugh*, 438 U.S. 781 (1978); *Seminole Tribe of Florida*, 517 U.S. at 58. While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions apply in the instant case.[3] Accordingly, the state of South Carolina is entitled to summary dismissal from the action.

2. Insufficient Factual Allegations/Prosecutorial Immunity (Wilson, McIntosh, Williams, Maurice, and Week)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79. Plaintiff's complaint provides no factual allegations to demonstrate how Wilson, McIntosh, Williams, Maurice, and Week ("Prosecutor Defendants") violated his constitutional rights.

---

[3] Congress has not abrogated the states' sovereign immunity under § 1983, *see Quern v. Jordan*, 440 U.S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court. S.C. Code Ann. § 15-78-20(e).

To the extent Plaintiff sues Prosecutor Defendants for their actions associated with the prosecution of Plaintiff's criminal charges, they are entitled to summary dismissal. Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pretrial hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Accordingly, Prosecutor Defendants are entitled to summary dismissal from the action.

### 3. Court-Appointed Attorney (Zmroczek)

Plaintiff alleges Zmroczek failed to provide him with effective legal representation because she submitted a fabricated transcript during his PCR hearing. A criminal defense attorney, whether retained or appointed, does not act under color of state law or federal law. *See Polk County v. Dodson*, 454 U.S. 312, 317–24 nn.8–9, 12–14 (1981). As the performance of traditional legal functions does not constitute state action under § 1983, Zmroczek is entitled to summary dismissal from this case.

## III. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss the complaint without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

October 5, 2016                                           Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).