IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Terry D. Davis, Jr., #197349,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>The State; Alan Wilson; John W. McIntosh; Mary S. Williams; Lauren Maurice; J. William Weeks; and Aimee J. Zmroczek, in their official and individual capacities,<br><br>　　　　　Defendant. | C/A No. 1:16-3242-JFA<br><br><br>**ORDER** |

**I.     INTRODUCTION**

Terry Davis, Jr. ("Plaintiff"), proceeding pro se and in forma pauperis, is an inmate incarcerated at Livesay Correctional Institution of the South Carolina Department of Corrections. Plaintiff filed this suit pursuant to 28 U.S.C. § 1983 against the State of South Carolina, South Carolina Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Attorney General Mary S. Williams, prosecutor Lauren Maurice, prosecutor J. Williams Week, and defense attorney Aimee J. Zmroczek (collectively "Defendants"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to the Magistrate Judge.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should dismiss the complaint in this case

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report and

without prejudice and without issuance and service of process pursuant to 28 U.S.C. § 1915. (ECF No. 7). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on October 5, 2016. Plaintiff filed a response to the Report on October 19, 2016. (ECF No. 11). Thus, this matter is ripe for the Court's review.

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## II.    DISCUSSION

Here, Plaintiff attempts to make five objections to the Report. Although vague, all five statements can be construed as definite enough to constitute objections. However, each objection is without merit.

First, Plaintiff argues that the doctrine of sovereign immunity does not preclude suit against a state official in his or her official capacity when seeking injunctive relief. (ECF No. 11 p. 1).

---

Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

Although the *Ex Parte Young* exception to sovereign immunity does allow suit against state officers for injunctive relief, this exception is not applicable in the instant situation. *See Ex parte Young*, 209 U.S. 123 (1908). Here, the Magistrate Judge used the doctrine of sovereign immunity only when dismissing the State. (ECF No. 7 p. 3-4). Sovereign immunity was not applied to any individual defendant and the claims against those defendants were dismissed on other grounds. Therefore, this objection is without merit.

In Plaintiff's second objection, he cites to *Lee v. State*, 844 N.W.2d 668, 670 (Iowa 2014), in support of his proposition that "state sovereign immunity does not necessarily bar injunctive relief against a state official to require compliance with federal law." (ECF No. 11 p. 1). Again, Plaintiff's argument misses the mark. The Magistrate Judge correctly applied the doctrine of sovereign immunity to the State and the State alone. (ECF No. 7 p. 3-4). Therefore, any sovereign immunity exceptions are inapplicable and Plaintiff's argument lacks merit.

Plaintiff's third objection specifically responds to the assertion that the "complaint provides no factual allegations to demonstrate how Wilson, McIntosh, Williams, Maurice and Week violated his constitutional rights." (ECF No. 7 p. 4). Plaintiff responds by stating that "[u]nder the federal rules, the purpose of pleading is to facilitate a proper decision on merits." (ECF No. 11 p. 2) (errors in original). This court agrees that a properly plead complaint can facilitate a proper decision on the merits. However, the Federal Rules of Civil Procedure mandate that a complaint contain a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Here, Plaintiff's complaint, even when liberally construed, is completely devoid of any factual allegations that demonstrate a violation of constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–79. Therefore, Plaintiff's objection is without merit.

Plaintiff's fourth objection deals with the use of immunity afforded to prosecutors for activities connected with judicial proceeding. Plaintiff claims that a "state official who violates federal law is stripped of his official or representative character and is subject in his person to the consequences of his individual conduct." (ECF No. 11 p. 2). Despite Plaintiff's contention, it is well established that prosecutors have absolute immunity for activities in or connected with judicial proceedings including criminal trial and pretrial hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Accordingly, Plaintiff's argument is without merit.

Plaintiff's fifth and final objection states that "[o]nce a lawyer has under taken the representation of an accused, the duties and obligations are the same whether the lawyer is privately retained, appointed, or serving legal aid or defender program." (ECF No. 11 p. 2) (errors in original). This assertion is in response to the dismissal of claims as to Plaintiff's court-appointed defense counsel Zmroczek. The claims against Zmroczek were dismissed because a criminal defense attorney, whether retained or appointed, does not act under color of state or federal law. *See Polk Cnt'y v. Dodson*, 454 U.S. 312, 317–24 nn. 8–9, 12–14 (1981). Plaintiff's contentions do nothing to change the fact that his claims are not cognizable under 28 U.S.C. § 1983 and therefore, his claim must fail.

### III.  CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court **ADOPTS** the Report and

4

Recommendation (ECF No. 7).  Plaintiff's Complaint is dismissed without prejudice and without issuance and service of process.

    IT IS SO ORDERED.

October 26, 2016                                        Joseph F. Anderson, Jr.
Columbia, South Carolina                   United States District Judge